**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **GARY L. LOOMIS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) **2:13-cv-1048** |
| **v.** | ) |
| | ) |
| **CLARK LABORATORIES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM ORDER**

Pending before the Court is DEFENDANT'S MOTION IN LIMINE TO PRECLUDE EVIDENCE RELATING TO PLAINTIFF'S EEOC AND UNEMPLOYMENT COMPENSATION PROCEEDINGS (ECF No. 46) filed by Clark Laboratories, LLC ("Clark") with a brief in support (ECF No. 47). Plaintiff Gary L. Loomis filed a brief in opposition (ECF No. 49); Clark filed a reply brief (ECF No. 49). For the reasons that follow, the motion is **GRANTED IN PART AND DENIED IN PART**.

In his pretrial statement, Plaintiff identified exhibits that he intends to offer at trial, including the August 24, 2013 Unemployment Compensation Transcript; the April 4, 2013 Position Statement of Clark in the EEOC proceedings; the February 26, 2013 Employer Questionnaire relating to the Unemployment Compensation proceedings; the June 30 Notice of Determination regarding Plaintiff's Unemployment Compensation claim; the February 5, 2013 Letter from the Duquesne Unemployment Compensation Service Center; the July 18, 2013 Notice of Hearing; the Petition for Appeal; the Brief of Employer; and the August 15, 2013 Referee's Decision/Order. Clark now moves the Court to exclude such evidence at trial. In response, Plaintiff consents to not offering the documents identified by Clark, with three exceptions: (1) Clark's position statement to the EEOC; (2) its Employer Questionnaire; and (3)

the transcript of the Unemployment Compensation hearing. Plaintiff argues that those exhibits are relevant to the issue of pretext because he can show that Clark's articulated reasons for its employment action have not been consistent.

As the Court concluded at the summary judgment stage, the inconsistencies in the record and Clark's stated reasons may support an inference of pretext. *See* Mem. Op. at 5, ECF No. 40. Other courts have followed this approach. *See Schaefer v. Independence Blue Cross*, Inc., No. CIV.A. 03-CV-5897, 2005 WL 181910, at *1 (E.D. Pa. Jan. 26, 2005) (citing *Hernandez v. Hughes Missile Sys. Co.*, 362 F.3d 564, 569 (9th Cir. 2004); *EEOC v. Sears Roebuck & Co.*, 243 F.3d 846, 853 (4th Cir. 2001); *Tyler v. RE/MAX Mountain States, Inc.*, 232 F.3d 808, 813 (10th Cir. 2000); *Dominguez-Cruz v. Suttle Caribe, Inc.*, 202 F.3d 424, 432 (1st Cir. 2000); *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1167 (6th Cir. 1996)). And here, the Court will permit Plaintiff to introduce the three exhibits at issue for the limited purpose(s) of attempting to show an inconsistency and/or to impeach the credibility of a witness.

To be sure, the probative value of the evidence is not, as Clark suggests, substantially outweighed by the danger of unfair prejudice or any of the other considerations set forth Rule 403. Such may have been the case if Plaintiff sought to introduce—and he may not—evidence that is suggestive of the jury's ultimate legal question, such as the Referee's Decision and Order. *C.f.*, *Kirby v. J.C. Penney Corp.*, No. 2:08-CV-1088, 2009 WL 3651180, at *4 (W.D. Pa. Oct. 29, 2009) ("To allow Plaintiff to introduce the administrative findings at issue would cause serious jury confusion as well as create a significant risk that the jury will place undue weight on the findings in lieu of making their own credibility determinations."). But where, as here, the proffered evidence does not encroach on the jury's province to determine which witnesses to believe and what inferences to draw from the evidentiary record, the Court will not preclude its

introduction.  Accordingly, the Court finds and rules that (1) Clark's position statement to the EEOC; (2) its Employer Questionnaire; and (3) the transcript of the Unemployment Compensation hearing are admissible at trial for the limited purpose(s) hereinabove stated.

**SO ORDERED**, this 9th day of April, 2015.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc:    **Samuel J. Cordes, Esquire**
Email: scordes@cordeslawfirm.com
**John E. Black , III, Esquire**
Email: jblack@cordeslawfirm.com

**Andrew B. Klaber, Esquire**
Email: aklaber@chartwelllaw.com

(via CM/ECF)